

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS 78711

RAWFORD C. MARTIN
ATTORNEY GENERAL

April 27, 1970

Honorable Charles A. Allen      Opinion No. M-620
Criminal District Attorney
Harrison County                 Re:  Questions relating to pay
P. O. Box 776                        of court reporter for
Marshall, Texas  75670               transcribing testimony
                                     taken before an examining
Dear Mr. Allen:                      court.

        Your request for an opinion asks the following
questions:

        "Is a Court Reporter entitled to com-
        pensation for transcribing testimony taken
        before an examining court?

        "Assuming that the answer to the above
        question is 'yes', is the County obligated
        to pay the Court Reporter fees and, if so,
        out of what fund is the fee payable?"

        Article 16.09 of the Code of Criminal Procedure (ap-
plicable to an examining trial) provides:

        "The testimony of each witness shall be
        reduced to writing by or under the direction
        of the magistrate, and shall then be read
        over to the witness, or he may read it over
        himself.  Such corrections shall be made in
        the same as the witness may direct; and he
        shall then sign the same by affixing thereto
        his name or mark.  All the testimony thus
        taken shall be certified to by the magistrate.
        In lieu of the above provision, a statement
        of facts authenticated by State and defense
        counsel and approved by the presiding magis-
        trate may be used to preserve the testimony
        of witnesses."

        In Attorney General's Opinion M-248 (1968), we
held that an official court reporter is entitled to reasonable

compensation for his services rendered in taking and tran-
scribing the testimony of witnesses in an examining trial
proceeding under Article 16.09, V.C.C.P.

Likewise, we held in Attorney General's Opinion
M-303 (1968):

> "A Justice of the Peace, sitting as a
> Magistrate, has the authority and mandatory
> duty to require examining trial proceedings
> to be reduced to writing, certified, and
> delivered to the proper court. When a re-
> porter is officially appointed by the
> Magistrate, he must be paid a reasonable
> compensation for his services in preparing
> an original Statement of Facts for the
> Court even though the reporter was first
> retained and paid by defense counsel. Anyone
> interfering with this judicial proceeding may
> be held in criminal contempt of court."

Furthermore, we held in Attorney General's Opinion
M-248, supra, with reference to the payment of the compensa-
tion of the court reporter:

> ". . . any expense by the prosecuting
> attorney which is necessary and reasonable
> may be certified by him as provided in Article
> 3899(b), Vernon's Civil Statutes, and should
> be paid under Article 40.09, paragraph 5, and
> Attorney General Opinion C-683 (1966). It is
> the duty of the Commissioner's Court to abide
> by that determination and make payment from
> the general funds of the county."

In view of the foregoing you are advised that a
court reporter is entitled to reasonable compensation for
transcribing testimony taken before an examining court and
that such compensation is to be paid by the county out of
the general fund.

## S U M M A R Y

A court reporter is entitled to reasonable
compensation for transcribing testimony taken
before an examining court under the provisions

of Article 16.09, V.C.C.P., and such compensation is to be paid by the county out of the general fund.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. B. Allen, Acting Co-Chairman
Bennie Bock
Glenn Brown
James Quick
Bob Lattimore

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant